## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | | |
|---|---|---|---|
| In re: | § | Chapter 11 | |
| | § | | |
| Neiman Marcus Group LTD LLC, *et al.*,[1] | § | Case No. 20-32519 (DRJ) | |
| | § | | |
| Debtors. | § | Jointly Administered | |

| | | | |
|---|---|---|---|
| 5th Avenue Salon LLC | § | | |
| | § | | |
| *Plaintiff* | § | | |
| | § | | |
| v. | § | Adversary No. _____ | |
| | § | | |
| Bergdorf Goodman Inc. | § | | |
| | § | | |
| *Defendant* | § | | |

## ADVERSARY COMPLAINT

5th Avenue Salon LLC (the "**Salon**" or "**Plaintiff**") hereby files this original adversary complaint against Bergdorf Goodman Inc. ("**Bergdorf Goodman**" or "**Debtor**") and would respectfully show this Court the following:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). Subject matter jurisdiction is also proper pursuant to 28 U.S.C. §§ 2201 and 2202.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neiman Marcus Group LTD LLC (9435); Bergdorf Goodman Inc. (5530); Bergdorf Graphics, Inc. (9271); BG Productions, Inc. (3650); Mariposa Borrower, Inc. (9015); Mariposa Intermediate Holdings LLC (5829); NEMA Beverage Corporation (3412); NEMA Beverage Holding Corporation (9264); NEMA Beverage Parent Corporation (9262); NM Bermuda, LLC (2943); NM Financial Services, Inc. (2446); NM Nevada Trust (3700); NMG California Salon LLC (9242); NMG Florida Salon LLC (9269); NMG Global Mobility, Inc. (0664); NMG Notes PropCo LLC (1102); NMG Salon Holdings LLC (5236); NMG Salons LLC (1570); NMG Term Loan PropCo LLC (0786); NMG Texas Salon LLC (0318); NMGP, LLC (1558); The Neiman Marcus Group LLC (9509); The NMG Subsidiary LLC (6074); and Worth Avenue Leasing Company (5996). The Debtors' service address is: One Marcus Square, 1618 Main Street, Dallas, Texas 75201.

2.      This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter final judgment on the merits of this case.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.   PARTIES

4.      Plaintiff is a licensee that operates "The SALON" at the iconic and historic Bergdorf Goodman's Woman's Store on Fifth Avenue. Plaintiff is party to a License Agreement dated January 18, 2019 (the "**License**") wherein the Salon rents certain space in the Bergdorf Goodman Women's Store located at 754 Fifth Avenue, New York, New York 10019. Plaintiff may be served through the undersigned counsel.

5.      Defendant is a Debtor in the above-referenced case and is the licensor under the License. Debtor may be served through Debtor's attorneys of record, or otherwise provided by Federal Rule of Civil Procedure 4, made applicable under Federal Rule of Bankruptcy Procedure 7004.

## III.   FACTUAL ALLEGATIONS

### A.    The License

6.      The Salon and Bergdorf Goodman are parties to a License wherein the Salon rents certain space in the Bergdorf Goodman Women's Store located at 754 Fifth Avenue, New York, New York 10019. Upon signing the License, the Salon began and ultimately completed a multi-million dollar remodel – over $3.6 million. A picture of the now-completed space on the 9th Floor is below:



7.      Unlike a traditional license, the License governing the Salon provides Bergdorf

Goodman with unprecedented control over the operations of the business. For example:

- Bergdorf Goodman unilaterally changed the hours of operations for the Salon, first by allowing customers to enter by appointment only and now operating on a reduced schedule of only 4 hours per day (2:00 pm to 6:00 pm) beginning on August 15, 2020. Prior to August 15, 2020 Bergdorf was only open by private appointment. Bergdorf did, however, allow the Salon to open for private appointments M-F from

8:00 a.m. to 6:00 p.m. beginning on July 6, 2020 (License § 1(D) see also § 4(B)).[2] These hours can be compared to pre-COVID hours of 8:00 a.m. to 9:00 p.m. 7 days a week with no restrictions concerning social distancing or capacity;

- Bergdorf Goodman can relocate the Salon (License § 1(E))

- Bergdorf Goodman restricts access to the Salon more tightly than required by state governmental regulations;

- Bergdorf Goodman requires the Salon to contribute to advertising funds (License 4(E))

- Bergdorf Goodman settles customer disputes for the Salon (License § 4(L));

- Bergdorf Goodman maintains and controls the Salon's point of sale system (License § 6);

- Bergdorf Goodman requires the Salon to provide water to customers in Bergdorf Goodman branded water bottles purchased by the Salon;

- Bergdorf Goodman limits the type of services that the Salon may provide (License (A) – (E));

- Bergdorf Goodman limits what products the Salon can sell (License § 4(G)); and

- Bergdorf Goodman controls unilaterally access to the Salon's space on the 9th floor. Guests must access the Salon through a secured door and elevator access is limited, controlled, and restricted in ways that severely—if not entirely—limit walk-in traffic. Furthermore, Bergdorf Goodman now requires walk-in traffic to make an appointment, lessening further the likelihood that the limited customer traffic will use the Salon's services.

---

[2] The Salon recognizes that Section 4(B) of the License provides as follows: "BG shall have the right in its sole discretion to fix or amend the business hours or days on which the Store is open. In no event shall BG be liable or responsible for any losses, claims or damages as a result of the Store not being open for any reason and in no event shall Licensee be granted any abatement of License Fees or relief from any Minimum Revenue Commitment based on the hours and days that the Store is open for business, *except as set forth in Section 9(D) below*." (emphasis added). As discussed herein, due to the covenant of good faith and fair dealing, mutual mistake, and Section 9(E) of the License, the Salon is entitled to relief. *511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 746 N.Y.S.2d 131, 773 N.E.2d 496 (N.Y. 2002); *Dalton v. Educational Testing Serv.*, 87 N.Y.2d 384, 389, 639 N.Y.S.2d 977, 663 N.E.2d 289 (N.Y. 1995); *Frankini v. Landmark Constr. of Yonkers, Inc.*, 91 A.D.3d 593, 595, 937 N.Y.S.2d 80 (2d Dep't 2012); *Ochal v. Television Tech. Corp.*, 26 A.D.3d 575, 576, 809 N.Y.S.2d 604  The reference to Section 9(D) in the quoted language in this footnote appears to be a mistake and should more properly refer to Section 9(E) of the License, which pertains to casualties such as COVID-19.

8.      The COVID-19 pandemic and subsequent government actions resulted in prolonged decreased consumer access and demand due to occupancy limitations and health and safety concerns. *See* Executive Order 202.6, dated March 20, 2020 (requiring all non-essential businesses to close in-office personnel functions as of March 20, 2020); Executive Order 202.7, dated March 19, 2020 (directing hair salons to close their doors as of March 21, 2020); Executive Order 202.8, dated March 21, 2020 (mandating reduction of in-person workforce by 100% by March 22, 2020). However, Bergdorf Goodman restricted access to the Salon more tightly than required by governmental regulations, thereby causing substantial harm to the Salon.

9.      New York City entered Phase 2 of its reopening plan on June 22, 2020, which included in-store commercial operation of retail stores and salons at 50% capacity. However, Bergdorf Goodman did not open or allow the Salon to open at 50% occupancy starting on June 22, 2020. Instead, for months after "reopening" Bergdorf Goodman was only open by appointment. The Bergdorf Goodman store was **<u>not open to the public</u>**. This prevented the Salon from providing services to walk-in clients without appointments – a major source of income for the Salon. These restrictions were not mandated by law, but were implemented solely by Bergdorf Goodman.

10.     The lack of walk-in traffic resulting from Bergdorf Goodman's appointment-only policy was a crippling blow to the Salon. A high volume of the Salon's revenue is from walk-in customers. Moreover, a high volume of the Salon's revenue are from appointments that are made by walk-in customers. Thus, even though Bergdorf Goodman has begun allowing customers in the store on Saturdays, the Salon has not had any Saturday appointments because of a lack of weekday customer traffic.

11.     Although the Bergdorf Goodman store recently opened to the public, it is still operating at reduced hours not required by any government mandate. These closures prejudice the

Salon and work to prohibit it from fulfilling its obligations under the License. Furthermore, Section 4(B) of the License prohibits the Salon from operating while the Bergdorf Goodman store is not open. The extended closure of the Bergdorf Goodman store and the subsequent reduction in operating hours constitute a non-monetary default by Bergdorf Goodman under the License. These closures and reductions frustrated the fundamental purpose of the License and the Salon's ability to commercially operate as contemplated therein.

12.     The License contemplates that the Salon utilize space in the Bergdorf Goodman store to carry out its commercial operations to complement the goods and services offered by Bergdorf Goodman. The store closure and hours reduction vastly restricted the Salon's commercial operations and thereby frustrated the purpose of the License.

## IV. CLAIMS

### COUNT ONE: BREACH OF THE LICENSE[3]

13.     Plaintiff re-alleges all of the prior paragraphs as if fully incorporated herein.

14.     Bergdorf Goodman has materially breached the License. Specifically, Bergdorf Goodman has breached Section 1(D) of the License that provides:

> During the Term, Licensee, its agents, employees, representatives and customers shall have the right of ingress and egress in common with the rights of BG, its agents, employees, representatives and customers, in and through in the public areas of the Store, in accordance with the reasonable operating policies, practices and procedures established by BG for the safety, good order and harmonious operation of its stores, but only to such extent as may be necessary for the proper conduct of the business of Licensee.

---

[3] Under New York law a claim for breach of contract requires (1) the existence of an enforceable agreement; (2) performance by plaintiff; (3) the defendant breached the agreement; and, (4) the plaintiff sustained damages as a direct result of the defendant's breach. *JP Morgan Chase v. J.H. Elec. of N.Y., Inc.*, 69 A.D.3d 802, 803 (2d Dept. 2010).

15.     Bergdorf Goodman breached Section 1(D) of the License because it has not provided its employees and customers with ingress and egress in accordance with "reasonable operating policies … [as] necessary for the proper conduct of the business of the Licensee."

16.     Bergdorf Goodman has also breached Section 9(E) of the License that provides:

> In the event that fire *or other casualty* within the Building not caused by the willful misconduct or gross negligence of Licensee (a "Casualty") *causes BG to close the Store* or reasonably causes BG or Licensee to close the Salon, this Agreement shall remain in full force and effect … In the event of a Casualty, the Minimum Revenue Commitment, and the corresponding Annual Minimum License Fee, shall be reduced on a pro-rata (day-for-day) basis during such Casualty from the date of the Casualty ( or, if later, the first date upon which Licensee was not reasonably able to open for business as a result of such Casualty) to the date that Licensee is able (or would be able) to open for business.

17.     Bergdorf Goodman breached Section 9(E) of the License because it has not reduced the Annual Minimum Revenue Commitment and Annual Minimum Licensing Fee for the Store arising from the COVID-19 pandemic Casualty event.

18.     The breaches of the License by Bergdorf Goodman were material and caused substantial harm to Plaintiff. Plaintiff, on the other hand, has performed all obligations under the License. Plaintiff, therefore, seeks actual damages; direct damages; consequential damages; economic damages, expectancy damages, out-of-pocket expenses or damage, reliance damages, lost profits, restitution damages, and unjust enrichment damages.

### COUNT TWO:  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING IN THE LICENSE[4]

19.     Plaintiff re-alleges and incorporate the preceding paragraphs.

---

[4] Under New York law, the implied covenant "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002).

20.     Bergdorf Goodman has materially and willfully breached the covenant of good faith and fair dealing in the License.

21.     Specifically, Bergdorf Goodman has breached Section 4(B) of the License that provides:

> BG shall have the right in its sole discretion to fix or amend the business hours or days on which the Store is open.

22.     Although Bergdorf Goodman has the right to fix the hours of operation of its locations, it must do so in a manner that does not "destroying or injuring the right of the other party to receive the fruits of the contract." Bergdorf Goodman has not done so. Specifically, Bergdorf Goodman has restricted access to the Salon more tightly than required by governmental regulations, thereby causing substantial harm to the Salon.

23.     The breach of the covenant of good faith and fair dealing by Bergdorf Goodman was material and caused substantial harm to Plaintiff. Plaintiff, on the other hand, has performed all obligations under the License. Plaintiff, therefore, seeks actual damages; direct damages; consequential damages; economic damages, expectancy damages, out-of-pocket expenses or damage, reliance damages, lost profits, restitution damages, and unjust enrichment damages.

## COUNT THREE:  RESCISSION[5] OF THE LICENSE

24.     Plaintiff re-alleges and incorporate the preceding paragraphs.

25.     Bergdorf Goodman has materially and willfully breached the License in a manner that defeats the object of the License, caused a failure of consideration, and defeated the Salon's

---

[5] Under New York law, rescission "should be granted only when a party's breach is material and willful, or if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract … failure of consideration; an ability to perform the contract after it is made; or a breach in the contract which substantially defeats the purpose thereof." *See Premiere Acquisition Corp. v. Blue Jade Enterprises, Inc.*, 2015 WL 1307203, at 2 (SDNY Mar. 23, 2015) (internal quotations and citations omitted). Rescission is an equitable remedy that "is to be invoked only when there is lacking complete and adequate remedy at law and where the status quo may be substantially restored." *Sokolow v. Lacher*, 299 AD2d 64, 71 (1st Dep't 2002) (quoting *Rudman v. Cowles Communications, Inc*., 30 NY2d 1, 13 (1972)).

ability to perform under the contract. Specifically, the Bergdorf Goodman store has been operating at reduced hours not required by any government mandate. These closures prejudice the Salon and work to prohibit it from fulfilling its obligations under the License.

26.      Because Bergdorf Goodman is not fully open (or as open as governmental regulations allow) and such failure to open is likely to continue into the future for an undefined amount of time, Plaintiff lacks an adequate remedy at law. As such, rescission is the only remedy available to Plaintiff that can restore it to the status quo and remedy the continuing harm.

27.      Plaintiff, therefore, seeks to rescind the License.

### COUNT FOUR—REFORMATION[6]

28.       Plaintiff re-alleges and incorporate the preceding paragraphs.

29.      The License must be reformed to correct the mutual mistake, whereby the Annual Minimum Revenue Commitment and Annual Minimum Licensing Fee are not reduced pro rata based on the hours of operation of the Bergdorf Goodman store. The parties intended that the Annual Minimum Revenue Commitment and Annual Minimum Licensing Fee would be based on the operations of the Bergdorf Goodman store and, thus, the hours of operation of the Salon. Such mutual mistake should be reformed by the Court.

---

[6] "A party seeking reformation of a contract by reason of mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation[.]"  Gunther v. Vilceus, 142 A.D.3d 639, 640, 36 N.Y.S.3d 723, 725 (2d Dep't 2016) (quoting Yu Han Young v Chiu, 49 AD.3d 535, 536, 853 N.Y.S.2d 575 (2008)).

A claim for reformation must be based on either mutual mistake or fraudulently induced unilateral mistake. *Fresh Del Monte Produce N.V. v. Eastbrook Caribe A.V.V.*, 44 A.D.3d 551, 553, 845 N.Y.S.2d 7, 8 (1st Dep't 2007); *see also Guzovskiy v Weingarten*, 2019 N.Y. Misc. LEXIS 1160, *24, 2019 NY Slip Op 30656(U), 13 (Sup. Ct., N.Y. Cnty. Mar. 15, 2019) ("A claim for reformation of a written agreement must be grounded upon either mutual mistake or fraudulently induced unilateral mistake"). "Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties" *Gunther*, 142 A.D.3d at 640 (citations omitted).

---

## COUNT FIVE—BREACH OF THE COVENANT OF QUIET ENJOYMENT[7]

30.     Plaintiff re-alleges and incorporate the preceding paragraphs.

31.     Bergdorf Goodman has violated its covenant of quiet enjoyment with Plaintiff. Plaintiff has been constructively evicted from the Salon because the Bergdorf Goodman store has been operating at reduced hours that prejudice the Salon and work to prohibit it from utilizing its space in the manner intended.

32.     Plaintiff, on the other hand, has fulfilled all obligations as a tenant. Plaintiff has been harmed by such breach of the covenant of quiet enjoyment and seeks actual damages; direct damages; consequential damages; economic damages, expectancy damages, out-of-pocket expenses or damage, reliance damages, lost profits, restitution damages, unjust enrichment damages, and exemplary damages.

## COUNT SIX—UNJUST ENRICHMENT[8]

33.     Plaintiff re-alleges and incorporate the preceding paragraphs.

34.     Bergdorf Goodman has been enriched by Plaintiff's payment of the Annual Minimum Revenue Commitment and Annual Minimum Licensing Fee under the rates proscribed in the License. Bergdorf Goodman's enrichment has been at the expense of Plaintiff, which has been forced to continue paying the Annual Minimum Revenue Commitment and Annual Minimum Licensing Fee at the contractual rates provided in the License. Such enrichment is unjust because Bergdorf Goodman has restricted access to the Salon more tightly than required by governmental regulations, thereby causing substantial harm to the Salon. It is against equity and good conscience

---

[7] *34-35th Corp. v. 1-10 Indus. Assocs., LLC*, 16 A.D.3d 579, 580, 792 N.Y.S.2d 173, 174 (App. Div. 2005) ("To establish a breach of the covenant of quiet enjoyment, a tenant must show actual or constructive eviction").

[8] In New York, the elements of an unjust enrichment claim are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y. 3d 173, 182 (2011).

to permit Bergdorf Goodman to retain the Annual Minimum Revenue Commitment and Annual Minimum Licensing Fee at the contractual rates provided in the License.

35.     Plaintiff, therefor, seeks to recover the Annual Minimum Revenue Commitment and Annual Minimum Licensing Fee paid under the License since March 2020.

## COUNT SEVEN-- DECLARATORY JUDGMENT

36.     Plaintiff re-alleges and incorporate the preceding paragraphs.

37.     Under 28 U.S.C. § § 2201-2202, Plaintiff seek a declaration from this Court that Bergdorf Goodman is not entitled to receive the Annual Minimum Revenue Commitment and Annual Minimum Licensing Fee provided under the License because Bergdorf Goodman has restricted access to the Salon more tightly than required by governmental regulations, thereby causing substantial harm to the Salon. Plaintiff respectfully requests that this declaration be entered by the Court.

## CONDITIONS PRECEDENT

38.     All conditions precedent to Plaintiff's claims for relief have been performed, have occurred, or have been waived.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Bergdorf Goodman, and that the Court award Plaintiff the following relief:

a.     The entry of judgment in favor of the Plaintiff against Bergdorf Goodman;

b.     Nominal, actual compensatory, and exemplary damages against Bergdorf Goodman;

c.     That the Court enter a judgment awarding Plaintiff its attorneys' fees and expenses pursuant to 28 U.S.C. §§ 2201, 2202 or other applicable law;

d.      That Plaintiff recovers costs of court, prejudgment interest, and post-judgment

interest at the maximum rate allowed by law; and

e.      Such other and further relief, both special and general, at law and in equity, to which

it may show itself to be justly entitled.


Dated:  September 2, 2020.                            Respectfully submitted,

                                                     By: */s/ Keith M. Aurzada*
                                                          Keith M. Aurzada (SBN 24009880)
                                                          Michael P. Cooley (SBN 24034388)
                                                          Bradley J. Purcell (SBN 24063965)
                                                          Lindsey L. Robin (SBN 24091422)
                                                          Devan J. Dal Col (SBN 24116244)
                                                          **REED SMITH LLP**
                                                          2501 N. Harwood, Suite 1700
                                                          Dallas, Texas 75201
                                                          T:  469.680.4200
                                                          F:  469.680.4299
                                                          kaurzada@reedsmith.com
                                                          mpcooley@reedsmith.com
                                                          lrobin@reedsmith.com
                                                          ddalcol@reedsmith.com

                                                          *Attorneys for 5th Avenue Salon LLC*


## CERTIFICATE OF SERVICE

I certify that on **September 2, 2020** a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing (ECF) system upon all parties registered to receive electronic notices in this case.

                                                     */s/ Lindsey L. Robin*
                                                          Lindsey L. Robin